UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER CUCU,

    Petitioner,

                                           CASE NO. 17-13646
v.                                        HONORABLE SEAN F. COX

J.A. TERRIS,

    Respondent.
_____/

**OPINION AND ORDER
DENYING THE EMERGENCY MOTION
FOR PRELIMINARY INJUNCTIVE RELIEF [3],
GRANTING IN PART AND DENYING IN PART
THE MOTION TO EXPEDITE REVIEW [5],
DENYING THE MOTION FOR DISCOVERY [6],
DENYING THE HABEAS CORPUS PETITION [1], AND
<u>GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL</u>**

Petitioner Alexander Cucu, an inmate at the Federal Correctional Institution in Milan, Michigan (FCI-Milan), has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner challenges an administrative decision by employees of the Federal Bureau of Prisons (BOP) to reduce the amount of time that Petitioner spends in a community corrections center (CCC) or residential re-entry center (RRC) before his mandatory release from federal custody.[1]

---

[1] As explained in *Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010),

> RRCs and CCCs are two words used to describe the same animal—"residence in a community treatment center, halfway house, restitution center, mental health facility, alcohol or drug rehabilitation center, or other community correctional facility (including residential re-entry centers); and participation in gainful employment, employment search efforts, community service, vocational training, treatment, educational programs, or similar facility-approved programs during

1

Also pending before the Court are Petitioner's motions for a preliminary injunction, to expedite review of this case, and for leave to conduct discovery. Respondent J.A. Terris urges the Court to deny the petition on the basis that Petitioner has no right to placement in an RRC for any specific period of time. The Court agrees with Respondent. Accordingly, the habeas petition is denied. The motion for a preliminary injunction and for leave to conduct discovery are denied as moot. The motion to expedite review is granted in part and denied in part.

**I. Background**

Petitioner pleaded guilty in the United States District Court for the Northern District of Ohio to filing a false tax return. *See* 26 U.S.C. § 7206(1). On January 8, 2015, the federal trial court sentenced Petitioner to eighteen months in prison, followed by one year of supervised release. Petitioner did not appeal his conviction, and on April 14, 2016, he was released from custody. He subsequently violated the terms of his supervised release and was returned to prison in May of 2017 for a term of eleven months.

In June of 2017, Petitioner's unit team at FCI-Milan recommended that Petitioner be placed in an RRC for one to ninety days pursuant to the Second Chance Act, 18 U.S.C. § 3624(c). The date for Petitioner's transfer to an RRC was set for December 27, 2017. On August 18, 2017, however, the ninety days in an RRC was reduced to thirty-four days, and the date for Petitioner's transfer to an RRC was postponed to February 23, 2018.

---

non-residential hours." 28 C.F.R. § 570.20(a). BOP has chosen to refer only to RRCs "to provide 'a clearer description of the programs and services being offered' in such facilities." R. at 76 n. 3 (Mem., dated Nov. 14, 2008).

*Id*. at 1201 n.2. Consistent with the BOP's practice, this Court will refer to community treatment centers as RRCs.

Petitioner challenged the delay in transferring him to an RRC by seeking informal resolution of the issue, but his request was denied. He then pursued administrative remedies with respondent Terris, who denied relief.

On November 8, 2017, Petitioner filed his habeas corpus petition. He claims that the BOP's decision to reduce his time in an RRC violates his right to due process, as well as, the letter and spirit of the Second Chance Act and the related federal regulation. He seeks to have the Court (1) declare that the BOP's actions are unlawful and unconstitutional as applied to him and (2) order Respondent and the BOP to comply with their statutory obligations under the Second Chance Act by granting him ninety days in an RRC.

In his emergency motion for preliminary injunctive relief, Petitioner seeks reinstatement of the BOP's original decision to place him in an RRC for ninety days. In his motion to expedite, Petitioner asks the Court to shorten the deadline for Respondent's answer to the habeas petition and then expedite review of his petition. Finally, in his motion for leave to conduct discovery, Petitioner seeks copies of the BOP's memoranda, e-mails, and documents regarding the Second Chance Act, RRCs and home confinement, and the reduction of time spent in RRCs.

## II. Discussion

### A. Exhaustion of Administrative Remedies

A preliminary question is whether Petitioner exhausted administrative remedies for his claims and, if not, whether he should be permitted to proceed without first exhausting administrative remedies. Federal prisoners ordinarily must exhaust administrative remedies for their claims before filing a § 2241 habeas corpus petition. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)). The Federal Bureau of Prisons has an administrative-remedy program which "allow[s]

an inmate to seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a).

> The Bureau's regulatory regime for prisoner grievances consists of four tiers: (1) seeking informal resolution with a staff member; (2) submitting a grievance to the Warden on a "BP–9" form; (3) appealing to the Regional Director on a "BP–10" form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a "BP–11" form within 30 days of the date the Regional Director signed the response to the appeal. Id. §§ 542.13–15.

*Risher v. Lappin*, 639 F.3d 236, 238-39 (6th Cir. 2011). The exhaustion requirement generally is

> required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). Nevertheless, "§ 2241's exhaustion requirement is not statutorily required," and "a prisoner's failure to exhaust available state or administrative remedies may be excused where pursuing such remedies would be futile" or ineffective. *Fazzini*, 473 F.3d at 235-36.

Petitioner concedes that he did not exhaust administrative remedies before filing his petition. He has completed step one of the administrative remedy procedure, but he did not perfect an appeal from Respondent's decision at steps two and three of the administrative remedy procedure before he filed his habeas petition.

Respondent, however, has not asked the Court to dismiss the petition for failure to exhaust administrative remedies, and Petitioner contends that it would be futile to exhaust his administrative remedies because the BOP has predetermined the issue he raises. Petitioner also contends that forcing him to complete the administrative remedy procedure would prejudice him because he will be released from custody before he can exhaust his remedies. Under the

circumstances, the Court believes the best approach is to excuse Petitioner's failure to exhaust administrative remedies. Accordingly, the Court proceeds to address the merits of Petitioner's claims.

### B. The Merits

#### 1. Legal Framework

Habeas petitioners are entitled to relief only if they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a)(3). On review of an agency's actions, a reviewing court must

> (1) compel agency action unlawfully withheld or unreasonably delayed; and
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
> > (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> > (B) contrary to constitutional right, power, privilege, or immunity;

5 U.S.C. § 706(1) and (2) (A) and (B).

#### 2. Analysis

Petitioner contends that the BOP violated his constitutional right to due process of law when it reduced the time he spends in an RRC from ninety days to slightly more than thirty days. He purports to have a liberty interest in being transferred to an RRC, and he contends that the BOP is violating the letter and spirit of the Second Chance Act by insufficiently funding and underutilizing RRCs.

The Due Process Clause of the Fifth Amendment states that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const., amend. V. To determine whether the BOP is depriving Petitioner of due process, the Court must determine first whether Petitioner has a protected liberty interest in being transferred to an RRC for a specific

5

period of time. Protected liberty interests are created by "the use of 'explicitly mandatory language,' in connection with the establishment of 'specified substantive predicates' to limit discretion." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989) (quoting *Hewitt v. Helms,* 459 U.S. 460, 472 (1983)). "[A]n individual claiming a protected interest must have a legitimate claim of entitlement to it," *id*. at 460, and "[t]he entitlement to a benefit must be grounded in some statute, rule, or policy." *Hughlett v. Romer-Sensky*, 497 F.3d 557, 567 (6th Cir. 2006).

The statute in question here provides that

> [t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The BOP must

> issue regulations . . . which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--
>
> (A) conducted in a manner consistent with section 3621(b) of this title;
> (B) determined on an individual basis; and
> (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 3624(c)(6).[2]

---

[2] 18 U.S.C. § 3621(b) provides:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--

6

The related regulations state that:

> [i]nmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.

28 C.F.R. § 570.21(a); and

> [i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.

28 C.F.R. § 570.22.

Viewed together, the statute and regulations require the BOP to consider placing an inmate in an RRC during a portion of the inmate's last months of a sentence. But the statute and regulations fall short of requiring the BOP to actually place an inmate in an RRC.

> As evidenced by the phrase "to the extent practicable" and the employment of "individual basis" review of eligibility provided in the regulations, the BOP has discretion whether to grant the benefits. *See* 28 C.F.R. § 570.22. Consequently, there is no right conferred here.

*Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012) (per curiam); *see also Lovett v. Hogsten,* No. 09-5605, 2009 WL 5851205 at *1 and *2 (6th Cir. Dec. 29, 2009) (unpublished decision stating that "the decision to place an inmate in pre-release community

---

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. . . .

confinement is discretionary" and that "the Second Chance Act does not guarantee a one-year RRC placement, but only directs the Bureau of Prisons to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence") (emphasis omitted).

"Courts consistently have held that § 3624(c) does not create a protected liberty interest, and thus does not guarantee placement into community confinement for any federal prisoner." *Pollard v. Sherrod*, No. 10-cv-143-DRH, 2010 WL 3184366, at *1 (S.D. Ill. Aug. 10, 2010) (unpublished). This conclusion is supported by Supreme Court decisions which hold that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), or confined in any particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983). Similarly, no due process protections are required for "prisoner classification and eligibility for rehabilitative programs in the federal system." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). "Congress has given federal prison officials full discretion to control these conditions of confinement," and prisoners have "no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Id*. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

The Court concludes that the statute and regulations in question here do not establish a liberty interest in being transferred to an RRC. Accordingly, Petitioner "enjoys no statutory or constitutionally protected right, or entitlement, to transfer to a RRC or to home confinement." *Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016) (emphasis omitted). Even if there

were a protected liberty interest in being sent to an RRC, there is no right to placement in an RRC for a specific period of time, and "[w]here an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998). Thus, Petitioner is not entitled to the protections of the Due Process Clause.

Petitioner nevertheless contends that the BOP has violated the letter and spirit of the Second Chance Act by reducing its funding for RRCs. He contends that the statutory language is mandatory and that the BOP cannot circumvent Congressional intent by re-directing or misappropriating funds intended for community treatment programs. He notes that the statute does not mention an exception to implementation for a lack of appropriations.

Although the Court is sympathetic to Petitioner's argument, the BOP reduced the amount of time that Petitioner will spend in an RRC due to a lack of bed space and community resources. *See* Response to Pet. for Writ of Habeas Corpus, Exs. 4 and 5 (docket no. 8-5, Page ID 52, 55, 58, and 60). This was a legitimate basis for delaying Petitioner's transfer to an RRC. *See* 28 U.S.C. § 3621(b)(1) (stating that the BOP may designate any available penal or correctional facility that the BOP determines to be appropriate and suitable, considering "the resources of the facility contemplated"). Thus, Petitioner's argument about the BOP's alleged reduction or misuse of funds intended for community corrections is not a basis for habeas relief.

### III. Conclusion and Order

Petitioner has failed to show that he is in custody in violation of federal law. Furthermore, the BOP's actions in this case were not arbitrary, capricious, an abuse of discretion, or unlawful. Accordingly, the Court denies the petition for writ of habeas corpus (docket no. 1).

The Court denies as moot Petitioner's emergency motion for preliminary injunctive relief (docket no. 3) and his motion for discovery (docket no. 6). The Court grants in part and denies

in part the motion to expedite (docket no. 5). The motion is granted to the extent that the Court has expedited review of this case. The Court denies the motion as moot to the extent Petitioner sought to reduce the deadline for Respondent's answer to the habeas petition.

If Petitioner appeals this decision, he may proceed *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3). However, he is not required to move for a certificate of appealability because the habeas "statute does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

Dated: March 8, 2018
                                                        s/ Sean F. Cox
                                                        Sean F. Cox
                                                        United States District Judge

I hereby certify that on March 8, 2018, the document above was served on counsel of record via electronic means and upon Alexander Cucu via First Class Mail at the address below:

Alexander Cucu 60318-060
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

                                                        s/Jennifer McCoy
                                                        Case Manager